UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

CASE NO. 2:23-MC-1(D)

IN RE: REQUEST FOR JUDICIAL ⟩
ASSISTANCE FROM THE DISTRICT ⟩
COURT IN PRAGUE, CZECH REPUBLIC ⟩
IN THE MATTER OF: SANDRA LONG v. ⟩
DANIEL FRANK LONG, ⟩
NO. 50 NC 6031/2022 ⟩

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

The United States of America, by and through counsel, submits this

Memorandum of Law in support of the Application for Order,[2] pursuant to 28 U.S.C.

§ 1782(a), to execute a Letter of Request from authorities in Prague, Czech Republic

for international judicial assistance to obtain documents from Constellis, d/b/a Triple

Canopy, Inc.

---

[2] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

## INTRODUCTION

The request for international judicial assistance comes from the District Court in Prague, Czech Republic. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain documents for use in the case captioned *Sandra Long v. Daniel Frank Long,* Foreign Reference Number 50 Nc 6031/2022. See Declaration of Special Assistant United States Attorney Benjamin J. Higgins, Exhibit B [hereinafter Higgins Declaration] (Letter of Request dated September 12, 2022).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Prague Court is adjudicating the custody and support of minors following a divorce. The Court needs information concerning the compensation of David Frank Long by the Witness.

The Prague Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Eastern District of North Carolina for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

## I.     THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of

the judicial process of other signatory nations, where such assistance is needed in

civil or commercial matters, "to facilitate the transmission and execution of Letters

of Request and to further the accommodation of the different methods which they use

for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence

Convention "prescribes certain procedures by which a judicial authority in one

contracting state may request evidence located in another contracting state." *Société*

*Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482

U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the

United States and the Czech Republic. Hague Conference on Private International

Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence*

*Abroad     in     Civil     or     Commercial     Matters*,     available     at

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited

December 16, 2022.) (The HCCH 1970 Evidence Convention entered into force in the

Czech Republic on January 1, 1993).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the
> appropriate measures of compulsion in the instances and to the same extent
> as are provided by its internal law for the execution of orders issued by the
> authorities of its own country or of requests made by parties in internal
> proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH

1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas,* 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the

> application of any interested person and may direct that
> the testimony or statement be given, or the document
> or other thing be produced, before a person appointed
> by the court. By virtue of his appointment, the person
> appointed has power to administer any necessary oath
> and take the testimony or statement. The order may
> prescribe the practice and procedure, which may be in
> whole or part the practice and procedure of the foreign
> country or the international tribunal, for taking the
> testimony or statement or producing the document or
> other thing. To the extent that the order does not
> prescribe otherwise, the testimony or statement shall
> be taken, and the document or other thing produced, in
> accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to

obtain sworn answers to questions posed in letters rogatory). *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Prague Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Constellis, d/b/a Triple Canopy, Inc. "resides or is found in" the Eastern District of North Carolina because the offices of Triple Canopy, Inc. are located in Moyock, North Carolina. *See* Higgins Declaration, Exhibit D. Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such documents are needed to adjudicate the custody and support of minors following a

divorce. The Court needs information concerning the compensation of David Frank Long by the Witness. *See* Higgins Declaration, Exhibit B. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id.*

## III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d. Cir. 1992)). *See also United States v. Morris (In re Letter of Request*

*from Amtsgericht Ingolstadt, Fed. Republic of Ger.), 82 F.3d 590, 592 (4th Cir. 1996)* ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Prague Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel,* 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Constellis, d/b/a Triple Canopy, Inc. is not a party to the proceedings and is not subject to the Prague Court's jurisdiction because it is located in Moyock, North Carolina; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Prague Court or the character of the proceedings. Additionally, this request was initiated by the Prague Court and not by an independent party; therefore, the Prague Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy,* 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Prague Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Czech Republic discovery rules or to thwart policies of either the United States or the Czech Republic. *See In re Svitavy,* 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Prague Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks amounts of compensation paid to Daniel Frank Long, both currently in annually in 2020 and 2021. This information is readily available to the payroll provider of the Witness and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Svitavy,* 748 F. Supp. 2d at 529 (holding that providing a DNA by buccal swab is not unduly burdensome). *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery and, as he had not done so, the Court was not going to address the scope of the request). Additionally, Constellis, d/b/a Triple Canopy, Inc. has indicated its willingness to provide the requested evidence once served with a subpoena. *See* Higgins Declaration, Exhibit D. Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Prague Court.

## CONCLUSION

Attached to the Declaration of Special Assistant United States Attorney Benjamin J. Higgins is the proposed subpoena that this office intends to serve (in substantially similar format) on Constellis, d/b/a Triple Canopy, Inc. should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the documents will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the District Court in Prague, Czech Republic.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Special Assistant United States Attorney Benjamin J. Higgins Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted this 3rd day of January, 2023.

MICHAEL F. EASLEY, JR.
United States Attorney


BENJAMIN J. HIGGINS
Special Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4043
Email: benjamin.higgins2@usdoj.gov
Massachusetts Bar # 690969